Good morning, your honors. David Reed on behalf of Ms. Wiggan. Your honors, the government wants to retry Ms. Wiggan for sufficiently similar in material conduct for which she was acquitted. And to borrow a phrase from Castillo-Bassa, the government should not be allowed to take a mulligan. The heart of Ms. Wiggan's argument is that there were general areas of inquiry that were litigated in her favor, and that although the government argues that appellant may have been acquitted because these areas were not material to the grand jury's inquiry and thus not necessarily decided or were provided as statements by appellant at different times, we ask you to use de novo review and common sense to hold that there were areas that were necessarily decided. My argument will focus on counts one, two, four, and five of the original indictment, the counts for which appellant was acquitted. I will submit on the briefing, your honors, regarding whether the deadlock count three should be retried. I'm going to be submitting on the briefs. There were three general areas of inquiry that were explored by the grand jury. Number one, whether Mrs. Wiggan's used her voicemail between 1999 and 2002. Two, whether she had personal conversations with Ray Turner from 1999 through 2005 when she testified before the grand jury. And three, whether she ever received a voicemail message from Mr. Turner from 1999 to 2002. Now, the fact that some of the counts were charged in a compound fashion should benefit the appellant, because we should assume that she was acquitted of both areas of general inquiry contained in those particular counts. What does that mean, that if she was acquitted of something, you gain from that that the jury found she told the truth? But that's not what acquittal means. Acquittal doesn't mean they won. Acquittal means the government didn't prove beyond a reasonable doubt. So what is there about the counts where she was acquitted that gives you any benefit at all in this case? Well, the government was not able to prove beyond a reasonable doubt the elements within the charges that she was charged with. Right. So you couldn't say that based upon that, that the jury found she told the truth in those elements? Well, correct. They could have felt, for example, sorry for her and acquitted her on that ground. Or they could have found, in my view, I think she really lied, but the government didn't prove it beyond a reasonable doubt. That's a possibility, too. Well, that's a possibility in every case in which there's a double or collateral establishment. Correct. Precisely. So how can you extrapolate from what happened in those prior counts in which she was acquitted? How can they assist you in these? That's my problem I'm having with the case. Maybe you could explain that to me. What we're asking the Court to do is to apply common sense and apply de novo review. And as the government's brief indicates, we're not seeking to parse out every single technicality of every element that she was charged with in these particular counts, but find generally that she was found not guilty of the key elements and that these new counts are areas for which she was acquitted. The trouble I'm having is that the arguments that were made to the jury, were you the trial counsel? Yes, I was. The testimony was false. The testimony was material and that Ms. Wiggin willfully testified falsely. So you had the elements of willfulness, materiality, and truth or falsity. And so we don't know. There was no special jury verdict for them. We don't know what the jury verdict was based on. And so it wasn't necessarily decided that she had told the truth. And so that seems to, for example, the difference between the count one of the first trial and count three of the first superseding indictment, that seems to eliminate the double jeopardy issue under Ash. Well, we disagree. How do you address the three different bases for the jury verdict that were possible in the first trial? We would argue that this court can apply common sense and find that that jury, when they considered this case, necessarily found that she told the truth, necessarily found that she didn't have the requisite state of mind, that she didn't willfully lie, and necessarily found that these were material, these were material areas to the grand jury. And that's basically what we're submitting to the court. Based on common sense? How does that work? I mean, what exactly do you mean by using common sense to rule out two of the grounds that the jury might have based their verdict on? Well, we can't conceive of, except for feeling sorry for the defendant in some capacity of quitting her, conceive of any rational notion as to why the jury found her not guilty of these particular counts unless they found that she was telling the truth, unless they found that these were necessary, these were material to the grand jury inquiry. And that's the substance of our argument. Now, count one of the original indictment was a compound count, as I indicated, and involved two areas of inquiry for which she was acquitted. The jury found that she did not lie about having received no voicemail messages from Ray Turner from 1999 to 2001. Was there a question submitted to the jury as to whether or not she was lying, or are you taking this from the general verdict? This was a general verdict, Your Honor. So there were no special verdicts taken in this case. So once more you're going to extrapolate that that acquittal indicates that she didn't lie. Correct. Okay. And count two involved two areas, that she did not lie about having had conversations with Mr. Turner from 2001 through 2002 and did not lie about not having received any voicemail messages from him during that time frame. Count four involved one area of inquiry only, since December of 2000 until the present, that she did not lie about having had no conversations with Mr. Turner. Now, that time period would have been from 2000 to 2005 when she testified before the grand jury. Count five involved three areas of inquiry that she was found not guilty of. But on hindsight in reviewing that particular count, it was worded ambiguously, and this is in the original indictment, perhaps I should have filed a bill of particulars because the government seemed to concede in the first half of that particular count that Mrs. Wiggins did not lie about using her voicemail from 1999 through 2001. In fact, they said in the first half of the count that they accepted that she used her voicemail during that time frame. However, she was acquitted of these areas within the count. Again, the first area was that it was accepted that she did use her voicemail from 1999 through 2001. That is, that she did receive and did retrieve messages from the voicemail system during that time frame. And the second area, that she did not lie about having received a voicemail message from Mr. Turner from 1999 through 2001. And the third area was that she did not lie about not having retrieved a single message from Mr. Turner during that time frame. So as my brief indicates, what do we have when we combine all of these different areas of inquiry? The jury found that she did not lie about receiving a voicemail message from Mr. Turner from 1999 through 2002. And she did not lie about never having a conversation with Mr. Turner from 2000 to 2005. And three, she did not lie about having received a voicemail message from Mr. Turner during the period from 1999 through 2001. And she did not lie about having received no voicemail messages from Mr. Turner from 1999 through 2001. So what did the government do? They lost the trial, and they filed a superseding indictment. And they've charged Mrs. Wiggins, as the court knows in the superseding indictment, with lying to an FBI agent about having not having had a conversation with Ray Turner from 2000 to 2005. But that was count one of the new indictment. But you can see that that's a sufficiently similar and material area of inquiry for which she was acquitted. Now, looking at count three of the superseding indictment, she's charged with lying at her trial about not receiving a voicemail message from Ray Turner. Again, the jury found that she did not lie about that fact. Now, as I indicated in my brief, we're hoping that this court applies the principles in Ash v. Swenson and Castillo-Bassa. And we would submit that your task does not entail analyzing the record and trying to conjure up every conceivable scenario of why these general areas of inquiry could not have been material to the grand jury's investigation. Admittedly, I argued nonmaterial at trial with respect to just one count, which was count three, the one that she was deadlocked on. But your task is to use de novo review and determine whether the jury could have grounded its not guilty verdicts upon an issue other than that which the appellant seeks to foreclose from consideration. And I thank you. Good morning, Your Honors. My name is Ann Voights, and I represent the government in this case. If I might begin by addressing the issue of the standard of review. Defendant makes much of the issue of whether it should be de novo review, but we point out that under Castillo-Bassa, the factual findings are reviewed for clear error. And here the district court that actually presided over the first trial in this case heard the motion on this issue and concluded that in light of the general verdict and in light of the multiple grounds that were argued as reasons for acquitting defendant, that collateral estoppel did not apply. And we believe that that finding should be entitled to clear error review. With respect to the issues of materiality, we point out, with respect to the issues that were disputed, there were a number of different issues. And I'd like to sort of go count by count, if I might. With respect to the first count alleged in the superseding indictment, that dealt with a statement made a year before defendant's first grand jury testimony, with a statement to the FBI made in October 2004. And part of defendant's argument at the first trial was that her testimony, to the extent that it was false in front of the grand jury, was in part based on the context of the grand jury atmosphere, that she was frightened, that she was without counsel, and that this took place at a different point, at a point in her life when she was undergoing a great deal of stress. In contrast, the FBI interview took place a year earlier. The statement that she made concerns a different time frame as well. Accordingly, we think that the issues don't even meet the first prong of the test. With respect to the second count of the superseding indictment, we would note that that is the same as count three on which defendant, with respect to which the jury did not reach a decision, and as to which a mistrial was declared. And accordingly, under the Federal Rules of Criminal Procedure, the government is allowed to seek to retry those counts. And defendant's offered no reason as to why that should not apply here. With respect to the third count of the superseding indictment, that deals with perjury during her trial testimony. And again, because defendant argued at trial that part of, that the extent that her statements were false, and she disputed, in fact, she continued to maintain that she never got a voicemail from Ray Turner at any point, that she never retrieved a single voicemail from him. With respect to both, again, materiality and with respect to the issues of willfulness, defendant argued that those, that during the grand jury testimony that she was unprepared, that she didn't have the benefit of counsel. And we'd submit that essentially defendant is asking this Court to apply a per se bar, a bar that this Court said in Castillo-Bassa does not apply. Finally, I'd like to note that with respect to Ash, the test, as defendant has correctly described it, is whether a rational jury could have grounded its decision on an issue other than that which defendant seeks to foreclose from consideration. In this case, where the statements were made at significantly different times, where there are different issues of materiality and willfulness, and where all of the issues were disputed and a general verdict was submitted, the government would argue that collateral estoppel does not apply, and that the district court's findings in support of that should be entitled to clear error review. If the Court has no further questions, I would be happy to submit. Thank you. Thank you. Thank you. This case is submitted.
judges: Wallace, Gould, Ikuta